**SO ORDERED.**

**SIGNED this 21 day of December, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

| | |
|---|---|
| **KINGSTON TOBACCO COMPANY, INC.,** | **CHAPTER 7** |
| | **CASE NUMBER 12-05532-8-RDD** |
| **Debtor** | |
| | |
| **VIRGINIA BRANDS, L.L.C.,** | **ADVERSARY PROCEEDING** |
| | **NUMBER 12-00230-8-RDD** |
| **Plaintiff** | |
| v. | |
| **KINGSTON TOBACCO COMPANY, INC.** | |
| **Defendant** | |

**ORDER**

Pending before the Court is the Plaintiff's Motion to Remand and/or Abstain filed by Virginia Brands, LLC (the "Plaintiff") on October 11, 2012 and the Defendant's Response to Plaintiff's Motion to Remand and/or Abstain filed by Kingston Tobacco Company, Inc. (the "Defendant") on October 26, 2012. The Court conducted a hearing on November 26, 2012, in Wilson, North Carolina to consider this matter.

## BACKGROUND

On January 21, 2010, Plaintiff filed a Complaint against the Defendant in the Virginia Circuit Court of Halifax County alleging state law claims for breach of a contract and seeking compensatory damages and injunctive relief. On March 15, 2010, The Defendant filed a Notice of Removal, removing the underlying action to the United States District Court for the Western District of Virginia, Danville Division. On March 22, 2010, the Defendant filed its Answer and Counterclaim to the Complaint in the District Court.

On November 1-2, 2010, the Honorable Jackson L. Kiser, Senior United States District Judge presiding, held a bench trial of the underlying action. On December 10, 2010, Judge Kiser entered a Memorandum Opinion and entered judgment against the Defendant in the amount of $5,257,644.92, plus interest at the rate of 6% from the date of judgment, together with court costs.

On July 17, 2012, the Plaintiff initiated a supplemental proceeding, filing and serving its Debtor's Interrogatories and issuing summonses to Defendant and to each of Defendant's Corporate Officers (Randy Riggs, Rodney Riggs, and Kenneth Scott). On July 25, 2012, the District Court, the Honorable Robert S. Ballou, United States Magistrate Judge presiding, conducted a hearing on the Debtor's Interrogatories. Randy Riggs, Rodney Riggs, and Kenneth Scott failed to appear at the hearing. Attorney Joseph Nanney, Jr. and bookkeeper/secretary Amanda Heath appeared on behalf of Defendant. Mr. Nanney, raised multiple claims of attorney-client privilege in response to questions. Judge Ballou ordered Mr. Nanney to produce, within seven days, a motion and memorandum asserting the basis for "privilege" claims. During the hearing, the District Court recognized that the Defendant had failed to satisfy its obligations under the Plaintiff's interrogatories. The District Court, *sua sponte*, decided to consider appropriate sanctions against Joseph Nanney, Jr., Amanda Heath, Randy Riggs, Rodney Riggs, and Kenneth Scott. The Court stated

> And I'm going to take under advisement any assessment of costs and fees in whatever way may be assessed, including Mr. Nanney, whether there's an assessment against counsel for not having the necessary people here, and including an assessment against individuals for not being here when they needed to be here.

*See* Transcript of July 25, 2012 Hearing on Debtor's Interrogatories, at pp. 240:15-21; *see also* Transcript of July 25, 2012 Hearing on Debtor's Interrogatories, at pp. 242:9-12.

At the close of the July 25, 2012 hearing Plaintiff orally moved the Virginia District Court *ore tenus* to pierce the corporate veil of the Defendant and to hold the officers of the Defendant personally liable for the Judgment. Mr. Nanney failed to file a motion and memorandum in accordance with the District Court's directions.

On July 31, 2012, the Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina. On August 2, 2012, John C. Bircher, III, was appointed as the Chapter 7 Trustee (the "Trustee") in the Defendant's bankruptcy proceeding. On August 29, 2012, the Plaintiff renewed its previous *ore tenus* motion by filing the Motion to Pierce Corporate Veil, Hold Liable Corporate Officers of Kingston Tobacco, and/or to Impose Trust Upon Officers of Kingston Tobacco ("Plaintiff's Motion to Pierce"). On the same day, the Plaintiff filed the Motion fo Entry of Written Order from the July 25th Hearing *Nunc Pro Tunc* ("Plaintiff's Motion to Enter Order").

On August 30, 2012, Judge Kiser entered the "Order Amending Pretrial Order and Referring Motions," which referred all pending and subsequent motions to Judge Ballou. The pending motions included (1) Plaintiff's Motion to Pierce; and (2) Plaintiff's Motion to Enter Order.

On September 11, 2012, the Defendant filed the Notice of Removal of Pending Federal Court Civil Action to United States Bankruptcy Court, Eastern District of North Carolina, initiating this

3

adversary proceeding. The Notice stated it was filed pursuant to 28 U.S.C. §§ 1452(a), 1334(b), and 157 and Bankruptcy Rule 9027.

On September 12, 2012, Attorney Joseph Nanney, Jr., bookeeper/secretary Amanda Heath, Randy Riggs, Rodney Riggs, and Kenneth Scott filed in the District Court: (1) a Notice of Appearance and Request for Service of Papers; (2) an Objection to Motion to Pierce the Corporate Veil; and (3) Objection to Motion for Entry of Written Order *Nunc Pro Tunc* from the July 25th Hearing. On September 13, 2012, Judge Kiser denied the Notice and Request for Service and disallowed the Objections, Judge Kiser ruled that the Defendant's Chapter 7 filing "operates to stay these proceedings" and that "neither this Court nor the Magistrate Judge has the authority to entertain argument or rule on the pending Motions until the case is disposed of by the Bankruptcy court or properly remanded."

## **DISCUSSION**

The Plaintiff contends the matter should be remanded to the United States District Court for the Western District of Virginia and/or the Court should abstain, because: (1) Defendant's purported Notice of Removal is procedurally-defective and interposed for improper purpose, (2) Defendant is without authority or standing to remove; and (2) principles of equitable remand/permissive abstention weigh in favor of remand. In response, the Defendant contends the civil action should be stayed and the Plaintiff's motion for remand should be denied because: (1) the defendant is a North Carolina Corporation and any decision regarding the right of the Plaintiff to pierce the corporate veil should be based on North Carolina law; (2) the Virginia District Court does not have jurisdiction over the officers of the Defendant; (3) the only named defendant in the civil action is Kingston Tobacco Company, Inc. and any action against Defendant must be prosecuted in this Court; and (4) The

Trustee in this bankruptcy case has the right to bring an alter ego or veil piercing action in this Court against Defendant.

The Court holds the Defendant's removal of the underlying action is procedurally defective under 11 U.S.C. § 1452.

Section 1452 (a) states:

A party may remove any claim or cause of action in a civil action . . . *to the district court for the district where such civil action is pending*, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

11 U.S.C. § 1452 (a)(emphasis added).

The "statute uses the term 'remove' and nowhere does it mention 'transfer.' 'Remove' is well understood to refer to moving a case from a state court to a federal court for the federal district in which the state court is located." *LMRT Associates, LC v. MB Airmont Farms, LLC*, 447 B.R. 470, 472 (E.D. Va. 2011) (citing 28 U.S.C. § 1441 (a); "Removal," Black's Law Dictionary (9th ed. 2009) (defining "removal" as "[t]he transfer of an action from state to federal court.")). By contrast "transfer" is used "to refer to moving a case from one federal district to another, with the transferee court typically in another federal district from the transferor court." *Id.*

Here, the Defendant filed a Notice of Removal for the purpose of removing the federal court civil action, *Virginia Brands, L.L.C. v. Kingston Tobacco Company, Inc.*, Case No. 4:10CV00009-JLK-RSB, from the United States District Court for the Western Division of Virginia, Roanoke Division to the United States Bankruptcy Court for the Eastern District of North Carolina. It appears that a "transfer" is what the Defendant hoped to accomplish. The attempt of the Defendant to invoke § 1452 to transfer the case to the United States Bankruptcy Court for the Eastern District of North Carolina fails. *Id.* at 473 (noting that using § 1452 for this purpose fails "like using the shovel to move ten tons of coal ten miles, it is the wrong device for the task."). 11 U.S.C. § 1452 (a) states that cases

5

may be removed "to the district where *such civil action is pending*." 11 U.S.C. 1452 (a). Here, the civil action was pending in the Western Division of Virginia. Therefore, removal to this Court is impermissible. The motion to remand this proceeding to the United States District Court for the Western Division of Virginia, Roanoke Division is **GRANTED**.  The automatic stay as provided in 11 U.S.C. § 362 (a)(1)-(3) remains in effect and Virginia Brands, LLC is stayed from pursuing any further action against Kingston Tobacco Company, Inc., until Virginia Brands, LLC moves to have the automatic stay lifted and that motion is granted.  As a matter of comity to the United States District Court for the Western District of Virginia, the automatic stay is not in effect as to its consideration of appropriate sanctions against Joseph Nanney, Jr., Amanda Heath, Randy Riggs, Rodney Riggs, and Kenneth Scott.

    **SO ORDERED.**

**END OF DOCUMENT**