**SO ORDERED.**

**SIGNED this 27 day of December, 2012.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# NEW BERN DIVISION

**IN RE:**

**KINGSTON TOBACCO COMPANY, INC.,**            **CHAPTER 7**
                                               **CASE NUMBER 12-05532-8-RDD**
      **Debtor**


**VIRGINIA BRANDS, L.L.C.,**                   **ADVERSARY PROCEEDING**
                                               **NUMBER 12-00230-8-RDD**
      **Plaintiff**

      **v.**

**KINGSTON TOBACCO COMPANY, INC.,**

      **Defendant**

## ORDER

Pending before the Court is the Motion to Intervene *Nunc Pro Tunc* to September 12, 2012 filed by Randy Riggs, Rodney Riggs, Kenneth Scott, Amanda Heath, and Joseph Nanney (the "Individuals") on November 20, 2012 and Virginia Brands, LLC's Response to Individuals' Motion to Intervene *Nunc Pro Tunc* to September 12, 2012 filed by Virginia Brands, L.L.C. (the "Plaintiff") on November 21, 2012. The Court conducted a hearing on November 26, 2012, in Wilson, North Carolina to consider this matter.

On January 21, 2010, Plaintiff filed a Complaint against the Defendant in the Virginia Circuit Court of Halifax County alleging state law claims for breach of a contract and seeking compensatory damages and injunctive relief. On March 15, 2010, The Defendant filed a Notice of Removal, removing the underlying action to the United States District Court for the Western District of Virginia, Danville Division. On March 22, 2010, the Defendant filed its Answer and Counterclaim to the Complaint in the District Court.

On November 1-2, 2010, the Honorable Jackson L. Kiser, Senior United States District Judge presiding, held a bench trial of the underlying action. On December 10, 2010, Judge Kiser entered a Memorandum Opinion and entered judgment against the Defendant in the amount of $5,257,644.92, plus interest at the rate of 6% from the date of judgment, together with court costs.

On July 17, 2012, the Plaintiff initiated a supplemental proceeding, filing and serving its Debtor's Interrogatories and issuing summonses to Defendant and to each of Defendant's Corporate Officers (Randy Riggs, Rodney Riggs, and Kenneth Scott). On July 25, 2012, the District Court, the Honorable Robert S. Ballou, United States Magistrate Judge presiding, conducted a hearing on the Debtor's Interrogatories. Randy Riggs, Rodney Riggs, and Kenneth Scott failed to appear at the hearing. Attorney Joseph Nanney, Jr. and bookkeeper/secretary Amanda Heath appeared on behalf of Defendant. Mr. Nanney, raised multiple claims of attorney-client privilege in response to questions. Judge Ballou ordered Mr. Nanney to produce, within seven days, a motion and memorandum asserting the basis for "privilege" claims. During the hearing, the District Court recognized that the Defendant had failed to satisfy its obligations under the Plaintiff's interrogatories. The District Court, *sua sponte*, decided to consider appropriate sanctions against the Individuals. The Court stated:

> And I'm going to take under advisement any assessment of costs and fees in whatever way may be assessed, including Mr. Nanney, whether there's an assessment against

>   counsel for not having the necessary people here, and including an assessment against individuals for not being here when they needed to be here.

*See* Transcript of July 25, 2012 Hearing on Debtor's Interrogatories, at pp. 240:15-21; *see also* Transcript of July 25, 2012 Hearing on Debtor's Interrogatories, at pp. 242:9-12.

At the close of the July 25, 2012 hearing Plaintiff orally moved the Virginia District Court *ore tenus* to pierce the corporate veil of the Defendant and to hold the officers of the Defendant personally liable for the Judgment. Mr. Nanney failed to file a motion and memorandum in accordance with the District Court's directions.

On July 31, 2012, the Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina. On August 2, 2012, John C. Bircher, III, was appointed as the Chapter 7 Trustee (the "Trustee") in the Defendant's bankruptcy proceeding. On August 29, 2012, the Plaintiff renewed its previous *ore tenus* motion by filing the Motion to Pierce Corporate Veil, Hold Liable Corporate Officers of Kingston Tobacco, and/or to Impose Trust Upon Officers of Kingston Tobacco ("Plaintiff's Motion to Pierce"). On the same day, the Plaintiff filed the Motion fo Entry of Written Order from the July 25th Hearing *Nunc Pro Tunc* ("Plaintiff's Motion to Enter Order").

On August 30, 2012, Judge Kiser entered the "Order Amending Pretrial Order and Referring Motions," which referred all pending and subsequent motions to Judge Ballou. The pending motions included (1) Plaintiff's Motion to Pierce; and (2) Plaintiff's Motion to Enter Order.

On September 11, 2012, the Defendant filed the Notice of Removal of Pending Federal Court Civil Action to United States Bankruptcy Court, Eastern District of North Carolina, initiating this adversary proceeding. The Notice stated it was filed pursuant to 28 U.S.C. §§ 1452(a), 1334(b), and 157 and Bankruptcy Rule 9027.

3

On September 12, 2012, the Individuals filed in the District Court: (1) a Notice of Appearance and Request for Service of Papers; (2) an Objection to Motion to Pierce the Corporate Veil; and (3) Objection to Motion for Entry of Written Order *Nunc Pro Tunc* from the July 25th Hearing. On September 13, 2012, Judge Kiser denied the Notice and Request for Service and disallowed the Objections, Judge Kiser ruled that the Defendant's Chapter 7 filing "operates to stay these proceedings" and that "neither this Court nor the Magistrate Judge has the authority to entertain argument or rule on the pending Motions until the case is disposed of by the Bankruptcy court or properly remanded."

The Individuals request entry of an order, permitting them to intervene in this action to defend their respective interests against the Plaintiff's Motion to Pierce and the Plaintiff's Motion to Enter Order. This Court previously entered an order remanding the present adversary proceeding to the United States District Court for the Western District of Virginia. *Virginia Brands, LLC v. Kingston Tobacco Company, Inc.* (*In re Kingston Tobacco Company, Inc.*) AP No. 12-00230-8-RDD at 6 (Bankr. E.D.N.C. Dec. 21, 2012). That order also provided that the automatic stay as provided in 11 U.S.C. § 362 (a)(1)-(3) remained in effect and stayed the Plaintiff from pursuing any further action against the Defendant, until the Plaintiff moved to have the automatic stay lifted. Further, the Court ordered that the automatic stay was not in effect as to the consideration of appropriate sanctions against the Individuals by the United States District Court for the Western District of Virginia. In a separate order, entered in the related bankruptcy proceeding, this Court further ruled that the automatic stay as provided in 11 U.S.C. § 362 (a)(1)-(3) remains in effect and the Chapter 7 Trustee is given full authority to determine whether he has grounds to bring an alter ego claim against the Individuals. *In re Kingston Tobacco Company, Inc.*, No. 12-05532-8-RDD at 5 (Bankr. E.D.N.C. Dec. 27, 2012).

Accordingly, the United States District Court for the Western District of Virginia is the appropriate Court to consider the Motion to Intervene *Nunc Pro Tunc* to September 12, 2012 as to the Plaintiff's Motion to Enter Order regarding appropriate sanctions against the Individuals.

**SO ORDERED.**

**END OF DOCUMENT**